United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO S. BEUGELMANS,<br>Plaintiff,<br>v.<br>OKX INC., et al.,<br>Defendants. | Case No. 26-cv-07864-EMC<br><br>**ORDER DISMISSING CASE AND GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL**<br><br>Docket Nos. 3, 23, 29, 31 |

The Court has received the parties' status reports, including Plaintiff's notice of voluntary dismissal. Dkt. Nos. 45, 46. This case is **DISMISSED** without prejudice. Plaintiff's Motion for Provisional Relief and for Expedited Discovery, Dkt. No. 23, is terminated as moot. Defendants' Motion to Compel Arbitration, Dkt. No. 31, is also terminated as moot, with no action taken on either motion. Any dispute as to costs and fees should be resolved in arbitration, where the case is already proceeding.

Plaintiff sought to seal portions of the Complaint, exhibits to the Complaint, and the Motion for Provisional Relief. Dkt. Nos. 3, 29. The Motions to Seal are **DENIED** in part, but the request to seal Exhibit A to the Verified Complaint (the Confidential Separation Agreement), except for the non-disparagement provision and the arbitration provision, is **GRANTED**. While mere agreement between the parties to keep a contract confidential is generally "insufficient to meet either the good cause or compelling interest standards for sealing," *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 252 F. Supp. 3d 828, 835 (N.D. Cal. 2017), the Court recognizes "the benefits of keeping settlement discussions and settlements confidential when feasible." *Knauf v. Toyota Motor Sales, U.S.A., Inc*, 2026 WL 483899, at *1 (C.D. Cal. Jan. 15, 2026). Thus, documents that "reflect[] confidential settlement terms that are not relevant to the motion" at hand

United States District Court
Northern District of California

may be properly sealed. *Number 14 B.V. v. Analog Devices, Inc.*, 2024 WL 7125952, at *1 (N.D. Cal. Dec. 23, 2024).

However, the other materials requested to be sealed are not properly sealed. Neither party affirmatively seeks their sealing; Plaintiff lodged these materials under seal out of an "abundance of caution," which is "not sufficient to overcome the presumption in favor of public access to court documents." *Alvarez v. C & S Wholesale Grocers, Inc.*, 2013 WL 5970479, at *2 (E.D. Cal. Nov. 4, 2013). In addition, the Plea Agreement is publicly available on the DOJ website. The parties have not identified any privilege or other reason to seal the redacted portions of the cease-and-desist letter. Thus, the request to seal these materials is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 13, 2026

EDWARD M. CHEN
United States District Judge